151 F.3d 1035
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
In the Matter of Deral WILLIS, Petitioner.
 No. 98-2652.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 13, 1998.
Decided July 21, 1998.
 
 Petition for a Writ of Mandamus to the United States District Court for the Northern District of Illinois, Eastern Division. No. 91 CR 463, Rudy Lozano, Judge.
 Before Hon. HARLINGTON WOOD, Jr., Hon. FRANK H. EASTERBROOK, Hon. DIANE P. WOOD, Circuit Judges.
 
 Order
 
 1
 On March 14, 1995, we vacated the sentence that Deral Wllis had received in a drug case and remanded for resentencing. United states v. Willis, 49 F.3d 1271 (7th Cir.1995). Forty months have passed, and Willis has not been resentenced. He has filed a petition for mandamus asking us to direct the district judge to comply with this court's mandate. The United States replies that mandamus is appropriate only to redress clear dereliction of duty or usurpation of power, but this is not so when the function of the writ is to enforce a decision already made. When this court resolves an appeal, the district court must carry out our directions with dispatch. Our mandate has not been implemented, and a 40-month wait for resentencing is appallingly long.
 
 
 2
 Willis contends that resentencing in accord with our mandate entitles him to an offense level of 26, which with his criminal history category of III yields a guideline range of 78 to 96 months. He has been imprisoned since June 1, 1992, a total of 73 months so far. Given good-time credit of 15%, a 78-month sentence works out to 66 months with good behavior. So if the district judge were to accept Willis's position on the calculation of the offense level and sentence him toward the bottom of the range, and he has exhibited good behavior in prison, he would be entitled to immediate release. The prosecutor disagrees with Willis about the appropriate calculation, informing us that in the view of the United States Willis's offense level should be at least 32, with a guideline range of 151 to 188 months' imprisonment. If that is so, then Willis will be behind bars for many years to come, and the delay in resentencing is not (immediately) harmful.
 
 
 3
 It is hard to tell from the parties' submissions to this court what is likely to happen at resentencing. Willis's position may depend on a belief that only drugs that passed through his hands can be "relevant conduct," which is not correct. But the United States' position also is problematic. The prosecutor seems to believe that Willis's conviction for conspiracy means that he is accountable for all drugs distributed by all conspirators during the period of his membership. We rejected that position three years ago and directed the district court to "make a more detailed inquiry into just what Willis knew about the scope of the organization and the volume of its business" (49 F.3d at 1275) in order to determine the volume of drug sales that Willis reasonably could have foreseen that the other conspirators would make.
 
 
 4
 No progress has been made toward that end. Apparently both the prosecutor and defense counsel have become preoccupied by the possibility that subsequent developments (including the criminal conviction of the DEA Agent who served as the prosecution's case agent) will persuade the district judge to grant a new trial. The possibility that Willis is entitled to swift release even if his conviction remains in force escaped everyone except Willis himself.
 
 
 5
 Prompted by our request for a response to the petition for mandamus, the district judge has set what he describes as a "firm and final deadline" for submissions on the new-trial motions. But the deadline, although firm, is not short. The judge gave the defendants until October 11 to make or elaborate on motions for a new trial, allowed the prosecutor 30 days to respond, and gave the defendants 15 days to reply. That schedule runs through the end of November, by which time Willis will have been in prison for 78 months, and it may be followed by an evidentiary hearing and additional time to write an opinion. Such a schedule may be fine for the other defendants, whose new sentences are likely to be longer than Willis's (or whose long sentences were affirmed; only three of the seven appellants secured remands for resentencing). Nonetheless, it is inappropriate to make Willis wait until other defendants' motions are resolved. If Willis has a realistic prospect of immediate release, as he submits, the possibility that the 40-month delay in implementing our mandate will last "only" another six months or so will be cold comfort.
 
 
 6
 Willis is entitled to swift implementation of the mandate issued in the spring of 1995. Within 21 days the district judge must resentence Willis in accord with our opinion, so that he may be released (if his view is accepted) or file a second appeal (if the prosecutor's view is accepted, and he seeks to contest that decision). Resentencing will be without prejudice to action on any pending motion for a new trial. Of course, if Willis files an appeal from his new sentence, that step will preclude the grant of a new trial while his appeal is pending (though he could ask us to hold the appeal if the district judge certifies that he is inclined to grant the new-trial motion). That bridge, however, can be crossed if and when reached.
 
 
 7
 A writ of mandamus will issue to implement this order.